# United States Court of Appeals
# for the Fifth Circuit

--------

No. 25-20035
Summary Calendar

--------

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HARRY WHITMAN,

*Defendant—Appellant*.

--------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:96-CR-83-1

--------

Before SMITH, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Harry Whitman, federal prisoner # 23111-037, was convicted of numerous bank robbery and firearm offenses, and he received an aggregate sentence of 624 months in prison. This sentence included consecutive sentences of 120 months and 240 months for two convictions for using and

--------

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20035

carrying a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(1).

Whitman filed a motion under 18 U.S.C. § 3582(c)(1)(A)(i), arguing that he had shown extraordinary and compelling reasons warranting compassionate release because under the First Step Act, his sentence would be significantly shorter as he would have received only a consecutive 120-month sentence for his second § 924(c) conviction. The district court denied the motion. Whitman now appeals but concedes that his argument is foreclosed by *United States v. Austin*, 125 F.4th 688, 692–93 (5th Cir. 2025). The Government has filed an unopposed motion for summary affirmance or, alternatively, an extension of time to file a brief.

A district court may modify a prisoner's sentence if it finds that extraordinary and compelling reasons warrant such relief. 18 U.S.C. § 3582(c)(1)(A)(i). If the prisoner has served at least 10 years of an "unusually long sentence," the district court may consider whether a change in the law constitutes an extraordinary and compelling reason warranting a reduction in sentence, "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6), p.s. We have ruled that a non-retroactive change in the law, such as the First Step Act amendments to § 924(c), are "neither an 'extraordinarily severe exigency' nor 'unique to the life of the prisoner,'" and therefore "a non-retroactive change in the law is not an extraordinary or compelling reason to reduce a prisoner's sentence." *Austin*, 125 F.4th at 692 (citation omitted).

Summary affirmance is proper because Whitman's sole issue is foreclosed by circuit precedent. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension

2

No. 25-20035

of time is DENIED as unnecessary, and the district court's order is AFFIRMED.